*383 OPINION OF THE COURT
Sharon M.J. Gianelli, J.
Defendant has moved by way of motion for an order vacating the judgment of conviction in this case and setting aside the sentence, pursuant to Criminal Procedure Law § 440.10 (1) (g), based upon newly discovered evidence which defendant asserts could not have been produced by the defendant at trial, even with due diligence.
In support of this motion, defendant asserts: that there are well-documented problems with the Nassau County Police Department Laboratory and said laboratory was on “probation” for the second time — the only laboratory in the country to hold that dubious distinction; that the defendant’s conviction was based in large part on the “work” performed by this problematic, probationary laboratory, thereby raising serious questions about the veracity of the People’s proof in the case at bar, and consequently, her conviction; that specifically, in the instant case, the laboratory work that calls into question the integrity of the People’s evidence is the defendant’s purported blood alcohol content (BAG) of .13%; that there is no possible way that the defendant would have known about all of the problems with the laboratory, even with due diligence, as the police commissioner himself claims that he was unaware of the problems with the laboratory and its probationary status; and that furthermore, no Brady material was provided by the People regarding all of the problems with their own police department laboratory.
The People oppose defendant’s motion on the ground that defendant “has not met the statutory requirements for a claim based on newly discovered evidence, and because her motion— based only on bare, speculative, incomplete, and conclusory allegations — is insufficiently supported.” The People also assert that defendant’s Brady claim should be rejected as without legal basis.
Criminal Procedure Law § 440.10 (1) (g) states:
“1. At any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment upon the ground that: . . .
“(g) New evidence has been discovered since the entry of a judgment based upon a verdict of guilty after trial, which could not have been produced by *384 the defendant at the trial even with due diligence on his part and which is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant.”
On May 29, 2010, defendant Jaclyn Conneely was arrested and charged via simplified traffic information with one count of driving while intoxicated (per se), an unclassified misdemeanor, in violation of Vehicle and Traffic Law § 1192 (2); and one count of failing to maintain a single lane, a traffic infraction, in violation of Vehicle and Traffic Law § 1128 (a). On the same date, May 29, 2010, defendant was arraigned in Nassau County First District Court, Hempstead, New York. On September 3, 2010, following a bench trial, defendant was found guilty by this court of both charges and sentenced.
The 23-year-old defendant in this case had no prior criminal history. During the course of trial, evidence was presented by defendant in an effort to establish that the testing performed at the lab in this case was unreliable. There was also an effort on defendant’s part to highlight a problematic history of the blood alcohol testing instrument used to test and record defendant’s BAG in this case, including evidence related to proper functioning, as well as calibration. No evidence was offered at trial concerning the systemic lab problems which led to its probation and subsequent closure. After much weighing and consideration, the court, as factfinder, ultimately elected to accept the evidence presented by the People as sufficiently credible, and consequently, found defendant guilty of both charges. Now, several months later, defendant has become aware of information/ evidence concerning the lab which she believes probably would have resulted in a more favorable outcome had she had the opportunity to present it at trial. The evidence relates to systemic problems at the lab which led to its being placed on probation for a second time and thereafter closed.
Had defendant been aware of this evidence prior to trial, she could have proceeded in several ways. She could have made a discovery demand of the People to obtain it pursuánt to Criminal Procedure Law § 240.20 (1) (k). She also could have moved the court for a pretrial hearing on the matter. Alternatively, whether or not defendant was aware that this evidence existed prior to trial, if defendant was not in possession of it, the People on their own accord arguably could have provided the evidence to defendant as Brady material; or had she been aware, defend *385 ant could have argued that the evidence constitutes Brady material and could have made application to the court to order that the People turn it over.
The court finds that the information constitutes newly discovered evidence. The court also finds that as defendant was unaware that the evidence existed prior to trial, and as the People assert that they were equally unaware, defendant could not have obtained it for use at trial even with due diligence. Furthermore, given the fact that the newly discovered evidence relates to systemic lab errors over a period of many years which have resulted in the indefinite closure of the lab, and which calls into question the integrity of the testing results that have emanated from the lab, together with the fact that the People’s evidence at trial was less than overwhelmingly strong, the court finds that the newly discovered evidence is of such character as to create a probability that had such evidence been received at trial the verdict would have been more favorable to the defendant. Moreover, this court is in agreement with the ruling in People v Erin Marino (Nassau County Ct, indictment No. 245N-10) wherein that court reasoned,
“As a general proposition in cases involving potentially tainted evidence emanating from the Nassau County Police Laboratory, the question arises: How can the [Pjeople include the damning American Society of Crime Laboratory Directors report in their discovery package and publically give a vote of no confidence to the laboratory results, and then in good conscience argue in a court of law that the factors which form the basis of the vote of no confidence, be excluded from jury consideration? To the contrary the factors which form the basis of that vote of no confidence, bear directly upon and [are] highly relevant to the integrity of the prosecutorial process and [are] a matter for jury consideration.”
The People’s papers and public statements, alleging misfeasance as well as potential malfeasance by lab personnel in connection with lab testing, have assisted in making it clear for the court that this newly discovered evidence is of such character that it creates the probability that had such evidence been presented at trial, the resulting verdict would have been more favorable to the defendant. Prosecutorial integrity and general fairness demand that the defendant be afforded the opportunity to present this newly discovered evidence at a new trial for the finder of fact to consider.
*386 The court finds that defendant has met the requirements set forth in Criminal Procedure Law § 440.10 (1) (g). Consequently, the two guilty verdicts rendered in this case against defendant are hereby vacated, the sentence is set aside, and a new trial is granted and scheduled to be held on August 22, 2011.